**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Joshua D. Boxer (SBN 226712)
Email: jboxer@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

**MATERN LAW GROUP, PC**
Corey B. Bennett (SBN 267816)
Email: cbennett@maternlawgroup.com
1330 Broadway, Suite 428
Oakland, CA 94612
Telephone: (510) 227-3998
Facsimile: (310) 531-1901

Attorneys for Plaintiff TROY WILLIS
individually, and on behalf of others
similarly aggrieved

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY WILLIS, individually, and on behalf of others similarly aggrieved,<br><br>Plaintiff,<br><br>vs.<br><br>KONING & ASSOCIATES, a California corporation; CHRIS KONING, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants | CASE NO.:<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, EQUITABLE RELIEF<br><br>**DEMAND FOR JURY TRIAL** |

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

COMPLAINT

PLAINTIFF TROY WILLIS ("PLAINTIFF") individually and on behalf of all other similarly-situated employees, hereby alleges as follows:

## **INTRODUCTION**

1.      In 2013, the Court of Appeal ruled that DEFENDANT KONING & ASSOCIATES, INC.'s ("KONING & ASSOCIATES") compensation scheme failed the salary-basis test, thereby rendering its insurance adjusters misclassified. *Negri v. Koning & Associates* (2013) 216 Cal.App.4th 392. The court in that case found that the plaintiff was paid hourly with no predetermined guaranteed amount "that was not subject to reduction based upon the quantity of work performed." *Id*. at 396. Thus, the court held that the employee was not exempt. *Id*. at 400.

2.      Despite this ruling, KONING & ASSOCIATES made a mere cosmetic change to its compensation scheme, creating a monthly hour "guarantee" for its adjusters. When adjusters did not meet the monthly minimum, KONING & ASSOCIATES would advance the difference—an amount identified as a "pay advance" on wage statements.

3.      Yet this change was mere window dressing, and KONING & ASSOCIATES continued to steal from its employees. Adjusters would log hours worked for clients and regularly submit them to KONING & ASSOCIATES. However, instead of paying adjusters for hours *actually worked*, KONING & ASSOCIATES shaved employees' hours and then paid adjusters only for the hours *billed* to clients. This fraudulent scheme robbed adjusters of hundreds, sometimes thousands, of dollars each pay period.

4.      PLAINTIFF brings this class and collective action on behalf of himself and all other persons similarly-situated who are or were employed as insurance adjusters ("Class Members") by KONING & ASSOCIATES during the applicable statutory periods.

5.      PLAINTIFF seeks, on behalf of himself and Class Members, unpaid regular and overtime (including double-time) wages; compensation for missed meal and rest periods; failure to pay wages at termination and waiting time penalties; failure to provide accurate wage statements; unlawful deductions from wages resulting in wage forfeiture; liquidated damages; interest; and attorneys' fees and costs pursuant to Title 8 of the California Code of Regulations, California Business and Professions Code §§ 17200, et seq., California Code of Civil Procedure §

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-2-

COMPLAINT

1021.5, various provisions of the California Labor Code, and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6.    The "California Class Period" is designated as December 15, 2016 through the date of trial or settlement based on the allegation that violations of California's wage-and-hour laws have been willful and ongoing throughout this period.

7.    The "FLSA Class Period" is designated as December 15, 2017 through the date of trial or settlement, based on the allegation that violations of the FLSA have been willful and ongoing throughout this period. During this period, DEFENDANT has maintained a consistent policy of permitting, encouraging, and/or requiring misclassified insurance adjusters to work in excess of forty (40) hours per week without paying them overtime, as required by the FLSA.

8.    With respect to PLAINTIFF and other insurance adjusters, KONING & ASSOCIATES' compensation program for these employees during the last three years results in the following uniform policies and practices that are in violation of the Fair Labor Standards Act:

a.    The uniform policy and procedure not to compensate PLAINTIFF and other insurance adjusters for all hours worked, including all straight time compensation and overtime compensation.

b.    The uniform policy and procedure not to compensate PLAINTIFF and other insurance adjusters overtime for working more than 40 hours in any workweek.

c.    The uniform policy and procedure to present non-exempt employees with inaccurate and improperly itemized wage statements.

9.    As a consequence of the foregoing unlawful uniform policies and practices of KONING & ASSOCIATES, it is a uniform policy and practice not to pay all of the non-exempt employees' final wages until after the next scheduled pay day.

10.    As a result of this conduct, PLAINTIFF brings a collective action claim under § 216(b) of the FLSA against KONING & ASSOCIATES for unpaid wages (minimum and overtime) and related liquidated damages on behalf of himself and all other similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-3-

COMPLAINT

individuals who have insurance adjusters for KONING & ASSOCIATES during the COLLECTIVE PERIOD.

## JURISDICTION AND VENUE

11.    In accordance with 28 U.S.C. §§ 1331 and 1337, this court has original subject matter jurisdiction over PLAINTIFF'S federal claims because this action arises under the Fair Labor Standards Act, 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based on a common nucleus of operative fact. 28 U.S.C. § 1367.

12.    This Court may properly maintain personal jurisdiction over KONING & ASSOCIATES because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice.  The United States District Court, Northern District of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California, Defendant KONING & ASSOCIATES is a California corporation is qualified to do business in California and regularly conducts business in California, and Defendant CHRIS KONING is the president and chief executive officer of KONING & ASSOCIATES and a resident of California.

13.     Venue is proper in the United States District Court, Northern District of California, because PLAINTIFF and other persons similarly situated performed work for DEFENDANT herein, DEFENDANT maintains offices and transacts business herein, and because a substantial part of the events or omissions giving rise to PLAINTIFF'S claims occurred within this judicial district.

## PLAINTIFF

14.    PLAINTIFF TROY WILLIS is an individual and a resident of California.

15.    PLAINTIFF is a former employee of KONING & ASSOCIATES and completely performed his duties at all relevant times.

16.    On or around August 20, 2018 PLAINTIFF was hired as a general adjuster for KONING & ASSOCIATES, reporting to Mary Ann Johnson. His compensation was $35 per hour with a "guarantee" of 150 hours per month.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-4-                                        COMPLAINT

17.    PLAINTIFF did not meet the monthly hour mark just a few times, and on those occasions the difference between his compensation for hours worked and the 150-hour "guarantee" was "advanced." Said amounts appeared on his wage statements as "pay advances."

18.    On information and belief, PLAINTIFF alleges that KONING & ASSOCIATES manipulated client billings to offset the pay advances.

19.    Additionally, KONING & ASSOCIATES knowingly engaged in a fraudulent compensation scheme that denied adjusters wages to which they were legally entitled. Specifically, PLAINTIFF and putative class members created time and expense logs which were submitted to supervisors who, in turn, would make manual adjustments in effort to reduce the amount billed to clients. However, KONING & ASSOCIATES compensated Plaintiff and putative class members only for hours billed to clients, not hours actually worked.

20.    This scheme of "advancing" compensation to meet a predetermined guaranteed amount fails the salary-basis test. The uniform practice of determining whether the predetermined guaranteed amount has been met based on hours billed to clients, not hours actually worked, also undermines KONING & ASSOCIATES' attempt to classify adjusters as exempt.

21.    PLAINTIFF worked well in excess of eight (8) hours every day and forty (40) hours almost every week of his roughly two years of employment.

22.    On information and belief, PLAINTIFF also alleges that KONING & ASSOCIATES withheld work assignments from him as part of its manipulation of client billings and employee compensation.

23.    The total hours PLAINTIFF actually worked is not reflected in KONING & ASSOCIATES' client invoices or in PLAINTIFF's wage statements and pay records.

24.    PLAINTIFF resigned his employment on August 3, 2020.

## **DEFENDANTS**

25.    DEFENDANT KONING & ASSOCIATES, is, and at all times relevant hereto was, a California corporation. KONING & ASSOCIATES is a privately held, multi-line loss adjusting company that provides claims and risk management services to clients, and maintains more than 15 offices in three (3) states, including California.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-5-                                                        COMPLAINT

26.    DEFENDANT CHRIS KONING ("CHRIS KONING," collectively, "DEFENDANTS") is, and at all times relevant hereto was, the president and chief executive officer of KONING & ASSOCIATES and a resident of California.

### FLSA COLLECTIVE ACTION ALLEGATIONS

27.    Pursuant to 29 U.S.C. § 216(b), PLAINTIFF brings this action on behalf of himself and the following similarly situated class of persons ("COLLECTIVE CLASS"): all current and former insurances adjusters of KONING & ASSOCIATES who, during at least one (1) workweek over the past three (3) years, worked in excess of forty (40) hours per week and/or were not guaranteed at least $913 per week against which compensation was drawn.

28.    During this litigation, PLAINTIFF may find it appropriate or necessary to amend the definition of those covered by the COLLECTIVE ACTION. PLAINTIFF reserves his right to continue to refine the COLLECTIVE ACTION definition and/or to name additional class representatives.

29.    Similarly, although subclasses are not anticipated at this time, PLAINTIFF reserves the right to move for subclasses divided along any reasonable point of distinction that might exist among members of the COLLECTIVE ACTION.

30.    PLAINTIFF and the COLLECTIVE CLASS are similarly situated in that they were or are insurance adjusters subject to DEFENDANTS' common practice, policy, or plan of willfully and unlawfully failing to include all forms of compensation, including all reimbursements, flat-rate tasks, non-discretionary bonuses or remuneration, and/or other forms of compensation into the calculation of their regular rate of pay for purposes of determining the correct overtime due to them under the FLSA.

31.    PLAINTIFF and the COLLECTIVE CLASS are similarly situated in that they were or are subject to DEFENDANTS' common practice, policy, or plan of willfully and unlawfully adjusting compensation based on hours billed to clients, not hours actually worked.

32.    The names and addresses of the COLLECTIVE CLASS are available from DEFENDANTS, and notice should be provided to the members of the COLLECTIVE ACTION via first class mail to the last address known as provided by the DEFENDANTS as soon as

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-6-                                                                    COMPLAINT

possible.

## CLASS ACTION ALLEGATIONS

33.    This action is appropriately suited for a class action because:

a.    The potential class is of a significant number.  Joinder of all current and former employees individually would be impracticable.

b.    This action involves common questions of law and fact to the potential class because the action focuses on the DEFENDANTS' systematic course of illegal payroll practices and policies, including but not limited to: failure to provide proper meal periods by not providing PLAINTIFF and CLASS MEMBERS with any meal break at all (including a second meal break after ten hours of work), providing meal breaks that were late, less than 30 minutes, or breaks that were interrupted (including, but not limited to, having to carry cell phones); failing to provide proper rest periods by not providing rest periods at all or by providing rest periods that were less than 10 minutes, late or that were interrupted; failing to pay PLAINTIFF and CLASS MEMBERS one hour of pay at each employee's regular rate of compensation for missed meal and rest periods; failing to pay PLAINTIFF and CLASS MEMBERS for all hours worked and for hours worked off the clock, including overtime compensation; failure to reimburse PLAINTIFF and CLASS MEMBERS for mileage or other expenses incurred in discharging their duties; and failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS as a result of their meal period, rest period, overtime, and reimbursement violations.  These illegal practices and policies were applied to PLAINTIFF and CLASS MEMBERS in violation of the California Labor Code, IWC Wage Orders, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

c.    PLAINTIFF's claims are typical of the claims of the class because DEFENDANTS subjected all current and former insurance adjusters of KONING & ASSOCIATES to the identical violations of the California Labor Code, the applicable IWC wage order, and the California Business and Professions Code.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-7-

COMPLAINT

d.    PLAINTIFF will fairly and adequately protect the interests of all class members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to the class for all services rendered and hours worked.

**FIRST CLAIM FOR RELIEF**

**Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act**

**[29 U.S.C. § 201 *et seq.*]**

**(Against KONING & ASSOCIATES)**

34.    PLAINTIFF incorporates herein by specific reference as though fully set forth the factual allegations in all preceding paragraphs.

35.    The FLSA, 29 U.S.C. § 201 et seq., provides that an employee must be compensated for all hours worked, including overtime compensation.

36.    The FLSA further provides that employees shall not be employed more than forty (40) hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law.

37.    The FLSA requires, among other things, that employers whose employees are engaged in interstate commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce must pay employees overtime pay at their regular rate of pay. 29 U.S.C. §§ 206(a)(l), 207(a)(l). DEFENDANTS are subject to the requirements of the FLSA because they are an enterprise engaged in interstate commerce and their employees are engaged in commerce.

38.    PLAINTIFF and all similarly situated members of the COLLECTIVE CLASS are victims of a uniform and company-wide compensation policy, which has been applied to all insurance adjusters who worked for DEFENDANTS in the State of California, in violation of the FLSA.

39.    DEFENDANTS have a uniform policy and practice of failing to pay PLAINTIFF and the COLLECTIVE CLASS overtime compensation for all hours worked; illegally and inaccurately recording time in which PLAINTIFF and the COLLECTIVE CLASS worked; failing to include non-discretionary remuneration in the calculation of regular rate of pay for overtime

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-8-

COMPLAINT

purposes; failing to correctly calculate non-discretionary remuneration earned failing to properly maintain PLAINTIFF's and the COLLECTIVE CLASS's records; and failing to provide accurate itemized wage statements to PLAINTIFF and the COLLECTIVE CLASS for each pay period.

40.    DEFENDANTS have a uniform policy and practice of failing to pay PLAINTIFF and the COLLECTIVE CLASS overtime wages at their regular rate of pay. DEFENDANTS' method of calculating the regular rate of pay for overtime purposes is unlawful under California and federal law.

41.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA. DEFENDANTS' unlawful conduct, as described herein, has been willful and intentional. DEFENDANTS were aware or should have been aware that their practices were unlawful.

42.    DEFENDANTS have acted neither in good faith, nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, PLAINTIFF and the COLLECTIVE CLASS are entitled to recover an award of liquidated damages in an amount equal to overtime pay, and/or prejudgment interest at the applicable rate, 29 U.S.C. §216(b).

43.    By virtue of DEFENDANTS' unlawful failure to pay PLAINTIFF and members of the COLLECTIVE CLASS for all hours worked, including overtime, PLAINTIFF and the COLLECTIVE CLASS have suffered, and will continue to suffer, damages in amounts which are presently unknown to PLAINTIFF and members of the COLLECTIVE CLASS, but which will be ascertained according to proof at trial. Accordingly, DEFENDANTS are liable for unpaid wages, together with an amount equal as liquidated damages, attorney's fees, and costs of this action.

//
//
//
//
//

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-9-                                    COMPLAINT

**SECOND CLAIM FOR RELIEF**

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 4-2001, § 3]**

**(Against KONING & ASSOCIATES)**

44.     PLAINTIFF incorporates herein by specific reference as though fully set forth the factual allegations in all preceding paragraphs.

45.     Pursuant to Labor Code §§ 510 and 1194 and IWC Wage Order No. 4-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and other aggrieved employees for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

46.     PLAINTIFF and other aggrieved employees are current and former insurance adjusters of DEFENDANTS and are entitled to the protections of Labor Code §§ 510 and 1194 and IWC Wage Order No. 4-2001.   During the relevant period, DEFENDANTS failed to compensate PLAINTIFF and other aggrieved employees for all overtime hours worked as required under the foregoing provisions of the Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by Labor Code §§ 510, 1194, and IWC Wage Order No. 4-2001, § 3; requiring, suffering or permitting PLAINTIFF and other aggrieved employees to work off the clock; requiring, permitting or suffering PLAINTIFF and other aggrieved employees to work through meal breaks; illegally and inaccurately recording time in which PLAINTIFF and other aggrieved employees worked; failing to properly maintain PLAINTIFF'S and other aggrieved employees' records; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

47.     DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and other aggrieved employees for all wages earned and all hours

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-10-

COMPLAINT

worked in violation of Labor Code §§ 510, 1194 and 1198 and IWC Wage Order No. 4-2001, §
3.

### THIRD CLAIM FOR RELIEF

**Failure to Provide Required Meal Periods**

**[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 4-2001, § 11]**

**(Against KONING & ASSOCIATES)**

48.     PLAINTIFF incorporates herein by specific reference as though fully set forth the
factual allegations in all preceding paragraphs.

49.     During the PENALTY PERIOD, as part of DEFENDANTS' illegal policies and
practices to deprive their current and former insurance adjusters all wages earned and due,
DEFENDANTS required, suffered or permitted PLAINTIFF and other aggrieved employees to
take less than the 30-minute meal period, or to work through them, and have failed to otherwise
provide the required meal periods to PLAINTIFF and other aggrieved employees pursuant to
Labor Code §§ 226.7 and 512 and IWC Order No. 4-2001, § 11.

50.     DEFENDANTS further violated Labor Code §§ 226.7 and 512 and IWC Wage
Order No. 4-2001, § 11 by failing to compensate PLAINTIFF and other aggrieved employees
who were not provided with a meal period, in accordance with the applicable IWC Wage Order,
one additional hour of compensation at each employee's regular rate of pay for each workday
that a meal period was not provided.

### FOURTH CLAIM FOR RELIEF

**Failure to Provide Required Rest Periods**

**[Cal. Labor Code §§ 226.7; IWC Wage Order No. 4-2001, § 12]**

**(Against KONING & ASSOCIATES)**

51.     PLAINTIFF incorporates herein by specific reference as though fully set forth the
factual allegations in all preceding paragraphs.

52.     At all times relevant herein, as part of DEFENDANTS' illegal policies and
practices to deprive their current and former insurance adjusters all wages earned and due,
DEFENDANTS' failed to provide rest periods to PLAINTIFF and other aggrieved employees as

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-11-                                                        COMPLAINT

required under Labor Code § 226.7, and IWC Wage Order No. 4-2001, § 12.

53.     DEFENDANTS further violated Labor Code § 226.7 and IWC Wage Order No. 4-2001, § 12 by failing to pay PLAINTIFF and other aggrieved employees who were not provided with a rest period, in accordance with the applicable IWC Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

### FIFTH CLAIM FOR RELIEF

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code § 226(a); IWC Wage Order No. 4-2001, § 7]**

54.     PLAINTIFF incorporates herein by specific reference as though fully set forth the factual allegations in all preceding paragraphs.

55.     During the PENALTY PERIOD, DEFENDANTS routinely failed and continue to fail to provide PLAINTIFF and other aggrieved employees with timely and accurate itemized wage statements in writing showing each employee's gross wages earned, total hours worked, the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, all deductions made, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and only the last four digits of his or her social security number or employee identification number, the name and address of the legal entity or entities employing PLAINTIFF and other aggrieved employees, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226(a) and IWC Wage Order No. 4-2001 § 7.

56.     During the PENALTY PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and other aggrieved employees with timely and accurate itemized wage statements in accordance with Labor Code § 226(a).

57.     During the PENALTY PERIOD, PLAINTIFF and other aggrieved employees suffered injury as a result of DEFENDANTS' failure to provide timely and accurate itemized wage statements as PLAINTIFF and other aggrieved employees could not promptly and easily

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-12-

COMPLAINT

determine from the wage statement alone one or more of the following: the gross wages earned, the total hours worked, all deductions made, the net wages earned, the name and address of the legal entity or entities employing PLAINTIFFS and other aggrieved employees, and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

**SIXTH CLAIM FOR RELIEF**

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against KONING & ASSOCIATES)**

58.    PLAINTIFF incorporates herein by specific reference as though fully set forth the factual allegations in all preceding paragraphs.

59.    Pursuant to Labor Code § 201, 202 and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

60.    Furthermore, pursuant to Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

61.    Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

62.    During the PENALTY PERIOD and in violation of Labor Code §§ 201 and 202, DEFENDANTS willfully failed to timely pay accrued wages and other compensation to PLAINTIFF and other aggrieved employees who were discharged or quit his or her employment.

//

//

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-13-

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SEVENTH CLAIM FOR RELIEF**

**Failure to Indemnify Employees for Necessary Expenditures Incurred**

**[Cal. Labor Code §§ 406 and 2802]**

**(Against KONING & ASSOCIATES)**

63.     PLAINTIFF incorporates herein by specific reference as though fully set forth the factual allegations in all preceding paragraphs.

64.     Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

65.     During the PENALTY PERIOD, DEFENDANTS failed to indemnify PLAINTIFF and other aggrieved employees for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for personal cell phone usage and other employment-related expenses, in violation of Labor Code § 2802.

**EIGHTH CAUSE OF ACTION**

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code § 17200, *et seq*.]**

**(Against KONING & ASSOCIATES)**

66.     PLAINTIFF incorporates herein by specific reference as though fully set forth the factual allegations in all preceding paragraphs.

67.     Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to timely pay all wages due, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-14-

COMPLAINT

maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurred in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200, et seq.

68.   DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

69.   DEFENDANTS have avoided providing PLAINTIFF and CLASS MEMBERS of minimum wages, overtime wages, meal period premiums, rest break premiums, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

70.   As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public.  DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

71.   DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

//

//

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-15-

COMPLAINT

## NINTH CAUSE OF ACTION

### Representative Action for Civil Penalties

### [Cal. Labor Code §§ 2698–2699.5]

### (Against All DEFENDANTS)

72.     PLAINTIFF incorporates herein by specific reference as though fully set forth the factual allegations in all foregoing paragraphs.

73.     PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of himself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFF and CLASS MEMBERS.

74.     Pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698-2699.5, PLAINTIFF and CLASS MEMBERS seek to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 9-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of California Labor Code §§ 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

75.     Pursuant to California Labor Code § 2699.3, PLAINTIFF gave notice to the California Labor and Workforce Development Agency ("LWDA") by filing on the website https://dir.tfaforms.net/207 on July 27, 2020, and to DEFENDANTS by certified mail, postmarked August 10, 2020, of the specific provisions of the Labor Code and applicable wage order alleged to have been violated, including the facts and theories to support the alleged violations. Within sixty (60) calendar days of the July 27, 2020 postmark date of PLAINTIFF's notice letter, the LWDA did not provide notice to PLAINTIFF that it intends to investigate the alleged violations. Pursuant to California Labor Code § 2699.3(d), the sixty-five (65) day notice

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-16-

COMPLAINT

period set forth in California Labor Code § 2699.3(a) is not counted as part of the time limited for the commencement of this civil action.  Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS as follows:

1.   For compensatory damages in an amount to be ascertained at trial;

2.   For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from the unfair and unlawful business practices of DEFENDANTS;

3.   For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 4-2001;

4.   For liquidated damages pursuant to California Labor Code § 1194.2;

5.   For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6.   For waiting time penalties pursuant to California Labor Code § 203;

7.   For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e);

8.   For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.   For reasonable attorneys' fees and costs pursuant to California Labor Code § 1194, 2699, 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

10.   For declaratory relief;

11.   For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Claims for Relief as a collective and class action;

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-17-

COMPLAINT

12.    For an order appointing PLAINTIFF as class representatives, and PLAINTIFF'S counsel as class counsel; and

13.    For such further relief that the Court may deem just and proper.

DATED: December 15, 2020

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: _____

Matthew J. Matern
Joshua D. Boxer
Core B. Bennett
Attorneys for Plaintiff
TROY WILLIS, individually, and on behalf
of other persons similarly aggrieved

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-18-

COMPLAINT