United States District Court
Northern District of California

1

2

3                  **UNITED STATES DISTRICT COURT**

4                  **NORTHERN DISTRICT OF CALIFORNIA**

5                      **SAN JOSE DIVISION**

6

7      TROY WILLIS,                              Case No.  21-cv-00819-BLF

8                        Plaintiff,

9              v.                               **ORDER GRANTING DEFENDANTS'**
                                                **MOTION FOR SUMMARY**
10     KONING ASSOCIATES, et al.,               **JUDGMENT**

11                       Defendants.            [Re:  ECF No. 57]

12

13          Plaintiff Troy Willis filed this employment case against Defendants Koning & Associates

14    ("K&A") and Chris Koning ("Koning"), alleging violations of federal and state statutes.

15    Defendants moved for summary judgment.  ECF No. 57 ("MSJ"); *see also* ECF No. 68 ("Reply").

16    Plaintiff opposes.  ECF No. 60 ("Opp.").  The Court held a hearing on this motion on May 11,

17    2023.  *See* ECF No. 74.  For the reasons explained below, the Court GRANTS Defendants'

18    motion for summary judgment.

19    **I.     BACKGROUND**

20          Plaintiff Troy Willis is a former employee of Koning & Associates, where he worked as a

21    general insurance adjuster.  He brought suit against Defendants, alleging that they failed to

22    compensate insurance adjusters for all the time they worked.  ECF No. 1 ("Compl.") ¶ 8.  Willis

23    alleges that K&A compensated class members for hours billed to clients, not hours actually

24    worked, and that they improperly classified adjusters as exempt employees.  *Id.* ¶¶ 19-20.  He also

25    alleges that K&A failed to provide proper meal breaks or rest periods and that it failed to

26    reimburse class members for mileage.  *Id.* ¶ 33.

27          As a claims adjuster, Plaintiff was classified as exempt.  Declaration of Jason Stitt, ECF

28    No. 57-1 ("Stitt Decl."), Ex. A ("Ingalls Dep.") at 18:16-18:19.  Plaintiff was paid a guaranteed

1    monthly base salary of $5,250.  Stitt Decl., Ex. B ("Willis Dep.") at 38:2-38:5.  Plaintiff also

2    received additional compensation of all hours billed to clients that exceeded 150 hours per month

3    at a rate of $35 per hour.  *Id.* at 38:2-38:20; Stitt Decl., Ex. C ("Koning Dep.") at 15:23-16:3.

4    Even if Plaintiff's billed hours did not exceed 150 hours, Plaintiff still received the $5,250 base

5    salary.  Willis Dep. at 38:2-38:20; Koning Dep. at 47:10-47:18.

6          Plaintiff was reimbursed $50 per month for cell phone reimbursement.  Willis Dep. at

7    65:25-66:19.  For mileage reimbursement, Plaintiff received a flat monthly stipend of $800 per

8    month plus reimbursement at the IRS rate for the mileage between his destination and Koning's

9    nearest regional office.  *See* Declaration of Corey Bennett, ECF No. 60-1 ("Bennett Decl."), Ex. A

10   ("Willis Dep. 2") at 38:20-24; Bennett Decl., Ex. B ("Koning Dep. 2") at 27:5-17.

11         Plaintiff brings nine claims: (1) failure to pay overtime compensation in violation of the

12   Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; (2) failure to pay overtime wages in

13   violation of California Labor Code ("Labor Code") §§ 510, 1194, 1198 and IWC Wage Order No.

14   4-2001, § 3; (3) failure to provide required meal periods in violation of Labor Code §§ 226.7, 512

15   and IWC Wage Order No. 4-2001, § 11; (4) failure to provide required rest periods in violation of

16   Labor Code § 226.7 and IWC Wage Order No. 4-2001, § 12; (5) failure to furnish accurate

17   itemized wage statements in violation of Labor Code § 226(a) and IWC Wage Order No. 4-2001,

18   § 7; (6) failure to pay all wages due to discharged and quitting employees in violation of Labor

19   Code §§ 201, 202, 203; (7) failure to indemnify employees for necessary expenditures incurred in

20   violation of Labor Code §§ 406, 2802; (8) unfair and unlawful business practices in violation of

21   California Business & Professions Code § 17200, *et seq.*; and (9) a representative action for civil

22   penalties under the California Private Attorneys General Act ("PAGA"), Labor Code §§ 2698-

23   2699.5.  Compl. ¶¶ 34-75.  Plaintiff sought to represent a class and a FLSA collective.  *Id.* ¶¶ 27-

24   33.  The Court denied the motion for class certification.  *See Willis v. Koning & Assocs.*, No. 21-

25   cv-00819, 2023 WL 2541327 (N.D. Cal. Mar. 15, 2023).

26         Now before the Court is Defendant's motion for summary judgment.  *See* MSJ.

27   **II.   LEGAL STANDARD**

28         "A party is entitled to summary judgment if the 'movant shows that there is no genuine

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of*

2    *Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P.

3    56(a)).  "The moving party initially bears the burden of proving the absence of a genuine issue of

4    material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex*

5    *Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "Where the non-moving party bears the burden of

6    proof at trial, the moving party need only prove that there is an absence of evidence to support the

7    non-moving party's case." *Id.* (citing *Celotex*, 477 U.S. at 325).

8          "Where the moving party meets that burden, the burden then shifts to the non-moving

9    party to designate specific facts demonstrating the existence of genuine issues for trial." *Oracle*,

10   627 F.3d at 387 (citing *Celotex*, 477 U.S. at 324).  "[T]he non-moving party must come forth with

11   evidence from which a jury could reasonably render a verdict in the non-moving party's favor."

12   *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  "The court must view the

13   evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the

14   nonmovant's favor." *City of Pomona*, 750 F.3d at 1049 (citing *Clicks Billiards Inc. v. Sixshooters*

15   *Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001)).  "Where the record taken as a whole could not lead a

16   rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* at

17   1049-50 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587

18   (1986)).

19   **III.    ANALYSIS**

20        **A.    Salary Basis Test**

21        A foundational question in this case is whether Plaintiff is an exempt employee.  "The Fair

22   Labor Standards Act of 1938 (FLSA) guarantees that covered employees receive overtime pay

23   when they work more than 40 hours a week." *Helix Energy Sols. Grp., Inc. v. Hewitt*, 143 S. Ct.

24   677, 682 (2023).  "But an employee is not covered, and so is not entitled to overtime

25   compensation, if he works 'in a bona fide executive, administrative, or professional capacity,' as

26   those 'terms are defined' by agency regulations." *Id.* (quoting 29 U.S.C. § 213(a)(1)).  Here,

27   Defendants assert that Plaintiff is exempt as an administrative employee.  Under the regulations,

28   an administrative employee falls under the exemption if he, among other things, is "[c]ompensated

3

United States District Court
Northern District of California

1    on a salary or fee basis pursuant to § 541.600 at a rate of not less than $684 per week." 29 C.F.R.

2    § 541.200(a). [1] "Additional regulations elaborate on the salary-basis requirement." *Helix Energy*,

3    143 S. Ct. at 682.

4    "The main salary-basis provision, set out in two sentences of § 541.602(a), states:

5         An employee will be considered to be paid on a 'salary basis' ... if the
6    employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the
7    employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.
8    Subject to [certain exceptions], an exempt employee must receive the full salary for any week in which the employee performs any work
9    without regard to the number of days or hours worked."

*Helix Energy*, 143 S. Ct. at 683 (quoting 29 C.F.R. § 541.602(a)). "The rule thus ensures that the
10
employee will get at least part of his compensation through a preset weekly (or less frequent)
11
salary, not subject to reduction because of exactly how many days he worked." *Id.*
12
An exempt employee can receive a minimum guaranteed salary, plus extra compensation,
13
and still satisfy the salary basis test. *See* 29 C.F.R. § 541.604. Federal regulation provides:
14

15        (a) An employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary
16   basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a
17   salary basis. Thus, for example, an exempt employee guaranteed at least $684 each week paid on a salary basis may also receive
18   additional compensation of a one percent commission on sales. An exempt employee also may receive a percentage of the sales or profits
19   of the employer if the employment arrangement also includes a guarantee of at least $684 each week paid on a salary basis. Similarly,
20   the exemption is not lost if an exempt employee who is guaranteed at least $684 each week paid on a salary basis also receives additional
21   compensation based on hours worked for work beyond the normal workweek. Such additional compensation may be paid on any basis
22   (e.g., flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis), and may include paid time off.

23        (b) An exempt employee's earnings may be computed on an hourly, a daily or a shift basis, without losing the exemption or violating the
24   salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly required amount
25   paid on a salary basis regardless of the number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed
26

27   ───────────────
[1] The regulation also requires that, to qualify for the administrative exemption, an employee must
28   have certain types of job duties. 29 C.F.R. § 541.200(a). At the hearing, Plaintiff indicated that he does not dispute that he had those duties. The Court will therefore not address that issue.

1
2
3
4
5
6
7
8

amount and the amount actually earned. The reasonable relationship test will be met if the weekly guarantee is roughly equivalent to the employee's usual earnings at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek. Thus, for example, an exempt employee guaranteed compensation of at least $725 for any week in which the employee performs any work, and who normally works four or five shifts each week, may be paid $210 per shift without violating the $684–per-week salary basis requirement. The reasonable relationship requirement applies only if the employee's pay is computed on an hourly, daily or shift basis. It does not apply, for example, to an exempt store manager paid a guaranteed salary per week that exceeds the current salary level who also receives a commission of one-half percent of all sales in the store or five percent of the store's profits, which in some weeks may total as much as, or even more than, the guaranteed salary.

*Id.*

9
10
11
12
13
14

As explained above, Willis was paid a guaranteed monthly base salary of $5,250.  Willis Dep. at 38:2-38:5.  Plaintiff also received additional compensation of all hours billed to clients that exceeded 150 hours per month at a rate of $35 per hour.  *Id.* at 38:2-38:20; Koning Dep. at 15:23-16:3.  Even if Plaintiff's billed hours did not exceed 150 hours, he still received the $5,250 guaranteed salary.  Willis Dep. at 38:2-38:20; Koning Dep. at 47:10-47:18.

15
16
17
18
19

Defendants argue that, under this compensation scheme, Willis was compensated on a salary basis, and he was therefore properly classified as exempt.  MSJ at 12-19.  Defendants specifically argue that this compensation scheme satisfies the salary basis test based on 29 C.F.R. § 541.604(b), above.  *Id.* at 15-16.  Plaintiff argues that the salary basis test is not met.  Opp. at 9-12.

20
21
22
23
24
25
26
27
28

Under the federal regulation, "[a]n employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis. . . .  Similarly, the exemption is not lost if an exempt employee who is guaranteed at least $684 each week paid on a salary basis also receives additional compensation based on hours worked for work beyond the normal workweek. Such additional compensation may be paid on any basis (e.g., flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis), and may include paid time off."  29 C.F.R. § 541.602(a).  The Court determines that Defendants' payment scheme satisfies the salary basis test under this subsection.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiff was guaranteed at least the minimum weekly-required amount paid on a salary basis:

2    $5,250/month.  Willis Dep. at 38:2-38:20; Koning Dep. at 15:23-16:3.  He does not dispute that he

3    always received the guaranteed amount.  Willis Dep. at 38:2-38:20.  The regulation states that the

4    exemption is not lost if the employee receives additional compensation that is "paid on any basis."

5    29 C.F.R. § 541.602(a).  Here, Willis received additional compensation based on the number of

6    hours billed for his work above 150 hours.  The Court determines that, under the regulation, such

7    an additional payment does not mean that Willis loses the exemption.

8          Because the payment scheme satisfies the test laid out in 29 C.F.R. § 541.604(a), the Court

9    need not address whether it satisfies 29 C.F.R. § 541.604(b).  That subparagraph "focuses on

10   workers whose compensation is 'computed on an hourly, a daily or a shift basis,' rather than a

11   weekly or less frequent one."  *Helix Energy*, 143 S. Ct. at 684.  Because Plaintiff was paid a

12   monthly guaranteed salary, that subparagraph is not applicable.

13         As Plaintiff points out, in 2013, the California Court of Appeals determined that Koning &

14   Associates improperly categorized employees as exempt.  *Negri v. Koning & Assocs.*, 216 Cal.

15   App. 4th 392 (2013).  In that case, the question presented was "whether a compensation scheme

16   based solely upon the number of hours worked, with no guaranteed minimum, can be considered a

17   'salary' within the meaning of the pertinent wage and hour laws."  *Id.* at 395.  And the court

18   answered the question in the negative.  *Id.* at 400.  But, contrary to Plaintiff's argument,

19   Defendants have made more than a "cosmetic change" to the compensation scheme since that

20   decision.  *See* Opp. at 6.  In the California Court of Appeals case, K&A "stipulated to the fact that

21   it 'never paid [plaintiff] a guaranteed salary.'"  *Negri*, 216 Cal. App. 4th at 400.  Here, Plaintiff

22   agrees that he was guaranteed the $5,250 monthly salary.  Willis Dep. at 38:2-38:20.  Defendants

23   changed the compensation scheme to provide employees with a monthly guaranteed salary.  The

24   new compensation scheme satisfies the salary basis test.  Defendants' employees are now properly

25   classified as exempt.

26         The Court determines that Willis was properly classified as exempt.

27   **B.    Claims 1-4**

28         Defendants argue that they are entitled to summary judgment on Claims 1-4 if the Court

1     determines that Willis was properly classified as an exempt employee.  MSJ at 12-13, 19.  Willis

2     does not contend otherwise.  *See* Opp.

3           Claim 1 is for failure to pay overtime compensation in violation of the FLSA, 29 U.S.C. §

4     201 *et seq.*  Compl. ¶¶ 34-43.  As stated above, exempt employees are not entitled to overtime

5     compensation under the FLSA.  *See* 29 U.S.C. § 213.  Because Plaintiff is properly classified as

6     exempt, Defendants are entitled to summary judgment on Claim 1.

7           Claim 2 is for failure to pay overtime wages in violation of Labor Code §§ 510, 1194, 1198

8     and IWC Wage Order No. 4-2001, § 3; Claim 3 is for failure to provide required meal periods in

9     violation of Labor Code §§ 226.7, 512 and IWC Wage Order No. 4-2001, § 11; and Claim 4 is for

10    failure to provide required rest periods in violation of Labor Code § 226.7 and IWC Wage Order

11    No. 4-2001, § 12.  Compl. ¶¶ 44-53.  Plaintiff cites to Sections 3, 11, and 12 of IWC Wage Order

12    No. 4-2001, which do not apply to employees who are employed in administrative capacities and

13    meet certain identified requirements.  8 Cal. Code Regs. § 11040(1)(A).  Defendants argue that

14    because Plaintiff is classified as an exempt administrative employee under federal law, he also is

15    for state law.  MSJ at 12-13, 15.  Plaintiff does not argue otherwise; he also applies the federal

16    salary basis test.  *See* Opp.  "California courts follow the federal salary basis test to a substantial

17    degree and look to the federal regulations implementing the Fair Labor Standards Act of 1938 (29

18    U.S.C. § 201 et seq.) (the FLSA) for guidance in interpreting the salary basis test."  *Semprini v.*

19    *Wedbush Secs., Inc.*, 57 Cal. App. 5th 246, 252 (2020) (collecting cases).  Because Plaintiff's

20    payment scheme satisfies the federal salary basis test and Plaintiff does not dispute that he has

21    administrative job duties, Plaintiff is not entitled to overtime or meal or rest breaks under

22    California statute.  Because Plaintiff is an exempt administrative employee, Defendants are

23    entitled to summary judgment on Claims 2, 3, and 4.

24          Defendants' motion for summary judgment on Claims 1-4 is GRANTED.

25    **C.    Claim 7**

26          Claim 7 is for failure to indemnify employees for necessary expenditures incurred in

27    violation of Labor Code §§ 406, 2802.  Compl. ¶¶ 63-65.  Defendants argue that the Court should

28    grant summary judgment on the reimbursement claim.  MSJ at 22-24.  In the Complaint, Plaintiff

*United States District Court*
*Northern District of California*

1    alleges that he was insufficiently reimbursed for his cell phone and mileage.  *See* Compl. ¶¶ 33,

2    65.  In Opposition, Plaintiff argues that he was insufficiently reimbursed for mileage expenses.

3    Opp. at 14-15.  The Court will therefore focus on that category of expenses.

4         Section 2802 of the Labor Code requires that "[a]n employer shall indemnify his or her

5    employee for all necessary expenditures or losses incurred by the employee in direct consequence

6    of the discharge of his or her duties."  Cal. Labor Code § 2802(a); *see also* IWC Wage Order No.

7    4-2001, § 9(B).  The purpose is "to prevent employers from passing their operating expenses on to

8    their employees."  *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 562 (2007) (citation

9    omitted).

10         As Plaintiff identifies, there are several permissible reimbursement methods for mileage.

11   *See* Opp. at 14-15.  An employer may use the actual expense method, by which the employer

12   would "calculate the automobile expenses that the employee actually and necessarily incurred and

13   then to separately pay the employee that amount."  *Gattuso*, 42 Cal. 4th at 568.  An employer may

14   use the mileage reimbursement method, by which the employee would record the number of miles

15   drivem to perform job duties and submit that information to the employer, "who then multiplies

16   the work-required miles driven by a predetermined amount that approximates the per-mile cost of

17   owning and operating an automobile."  *Id.* at 569.  Or an employer can use the lump-sum method,

18   under which the employer pays a fixed amount.  *Id.* at 570.  This method is permissible "provided

19   that the amount paid is sufficient to provide full reimbursement for actual expenses necessarily

20   incurred."  *Id.*  As noted by Plaintiff, an employee may challenge the amount of a lump-sum

21   payment as insufficient under Section 2802 "by comparing the payment with the amount that

22   would be payable under either the actual expense method or the mileage reimbursement method."

23   *Id.* at 571.  "If the comparison reveals that the lump sum is inadequate, the employer must make

24   up the difference."  *Id.*

25         As described above, Plaintiff received a monthly mileage stipend of $800 per month plus

26   per-mile reimbursement at the IRS rate, with mileage measured from the nearest Koning office to

27   his destination.  Plaintiff argues that the reimbursement was inadequate because Defendants paid

28   for mileage based on distance from the nearest Koning office rather than actual mileage.  Opp. at

United States District Court
Northern District of California

1    14-15.  But a lump-sum payment is permissible as long as "the amount paid is sufficient to

2    provide full reimbursement for actual expenses necessarily incurred." *Gattuso*, 42 Cal. 4th at 570.

3    And Plaintiff has submitted no evidence indicating that the amount he received from Defendants

4    was inadequate to provide full reimbursement for his mileage expenses.  There is no dispute of

5    material fact as to whether Plaintiff was reimbursed for mileage as required by law.

6         Defendants' motion for summary judgment as to Claim 7 is GRANTED.

7        **D.**    **Claim 5**

8        Claim 5 is for failure to furnish accurate itemized wage statements in violation of Labor

9    Code § 226(a) and IWC Wage Order No. 4-2001, § 7.  Compl. ¶¶ 54-57.  Defendants argue they

10   are entitled to summary judgment on this claim.  MSJ at 21.

11       Labor Code Section 226(a) requires that a wage statement include certain identified

12   information.  Cal. Labor Code § 226(a).  Defendants argue that summary judgment is proper

13   because Plaintiff has not identified any information missing from his wage statement.  MSJ at 21.

14   Plaintiff argues that the wage statements were inaccurate because they did not include payment for

15   working through meal and rest breaks and working off-the-clock and because he was inadequately

16   reimbursed for business expenses.  Opp. at 15-16.  The Court has determined that Defendants are

17   entitled to summary judgment on the meal and rest break, overtime, and reimbursement claims.

18   Therefore, Plaintiff cannot show that the wage statements were inaccurate on any of these bases.

19       Defendants' motion for summary judgment on Claim 5 is GRANTED.

20       **E.**    **Claim 6**

21       Claim 6 is for failure to pay all wages due to discharged and quitting employees in

22   violation of Labor Code §§ 201, 202, 203.  Compl. ¶¶ 58-62.  Defendants argue that the Court

23   should grant them summary judgment on this claim.  MSJ at 21-22.

24       Section 202(a) of the Labor Code provides that the wages of an employee who quits "shall

25   become due and payable not later than 72 hours thereafter."  Cal. Labor Code § 202(a).  "The date

26   of mailing shall constitute the date of payment for purposes of the requirement to provide payment

27   within 72 hours of the notice of quitting."  *Id.*  Defendants argue that summary judgment is proper

28   because they mailed Plaintiff his final paycheck within 48 hours of his resignation.  MSJ at 21-22.

United States District Court
Northern District of California

9

1    Plaintiff argues that he was not paid the full amount upon quitting "[b]ecause Defendants

2    misclassified Plaintiff and other adjusters as exempt, routinely denied compliant meal breaks in

3    violation of applicable wage orders, require Plaintiff to work off the clock, routinely failed to

4    compensate its employees with required premium payments, and routinely failed to pay proper

5    overtime compensation at the correct regular rate of pay." Opp. at 16.

6         The Court has determined that Plaintiff was properly classified as exempt. Therefore, the

7    Court decided that he was not entitled to overtime or meal or rest breaks and that he received

8    adequate reimbursement. Therefore, Plaintiff was not entitled to additional wages upon quitting

9    on any of these bases.

10         Defendants' motion for summary judgment on Claim 6 is GRANTED.

11    **F.    Claim 8**

12         Claim 8 alleges unfair and unlawful business practices in violation of California Business

13    & Professions Code § 17200, *et seq.* Compl. ¶¶ 66-71. Defendants argue that they are entitled to

14    summary judgment on Claim 8 because they did not violate any law. MSJ at 24-25.

15         The Court agrees that the UCL claim here is derivative of the other claims. Because

16    Defendants are entitled to summary judgment on all of the underlying claims, Defendants are also

17    entitled to summary judgment on this claim. *See Rosenberg v. Renal Advantage, Inc.*, No.

18    11cv2152-GPC(KSC), 2014 WL 1652580, at *12 (S.D. Cal. Apr. 24, 2014) ("Having granted

19    summary judgment to Defendants on Plaintiff's claims that Plaintiff was improperly classified as

20    exempt from federal and state wage and hour laws, the Court accordingly GRANTS Defendant's

21    motion for summary judgment on Plaintiff's derivative UCL claim."); *Price v. Starbucks Corp.*,

22    192 Cal. App. 4th 1136, 1147 (2011) ("Because the underlying causes of action fail, the derivative

23    UCL . . . claim[] also fail[s].").

24         Defendants' motion for summary judgment on Claim 8 is GRANTED.

25    **G.    Claim 9**

26         Claim 9 is a representative action for civil penalties under the California Private Attorneys

27    General Act ("PAGA"), Labor Code §§ 2698-2699.5. Compl. ¶¶ 72-75. This is the only

28    remaining claim in the case. Because the state law PAGA claim is all that remains of Plaintiff's

United States District Court
Northern District of California

10

United States District Court
Northern District of California

1    suit, in the interest of judicial efficiency and fairness the Court declines to exercise supplemental

2    jurisdiction over the PAGA claim.

3         The Court has original jurisdiction "of all civil actions arising under the Constitution, laws,

4    or treaties of the United States." 28 U.S.C. § 1331.  The Court can properly exercise supplemental

5    jurisdiction "over all other claims that are so related to claims in the action within such original

6    jurisdiction that they form the same case or controversy under Article III of the United States

7    Constitution." 28 U.S.C. § 1367(a).  The doctrine of supplemental jurisdiction "is a doctrine of

8    discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726

9    (1966).

10        Section 1367(c) outlines when it is appropriate for a federal court to decline to exercise

11   supplemental jurisdiction:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

    This Court has a duty to exercise its discretion when "deciding whether to decline, or to

retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) is

implicated." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).  Where subject

matter jurisdiction is based on federal question, the Ninth Circuit has held that "[i]n the usual case

in which all federal-law claims are eliminated before trial, the balance of factors to be considered

under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—

will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford

v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v.

Cohill*, 484 U.S. 343, 350 n. 7 (1988)).  Applying these factors to the instant case, this Court finds

it appropriate to decline supplemental jurisdiction over the remaining PAGA claim.

United States District Court
Northern District of California

1    Declining supplemental jurisdiction would serve the interest of judicial economy and

2    convenience. While both parties have invested resources into this litigation, this Court has not yet

3    considered the merits of the PAGA claim.  Thus, exercising jurisdiction over the PAGA claim

4    would not serve judicial efficiency or economy.  *See Nevarez v. Costco Wholesale Corp.*, No.

5    2:19-cv-03454-SVW-SK, 2020 WL 1139810, at *2 (C.D. Cal. Mar. 9, 2020) ("The Court has not

6    considered a motion to dismiss or a motion for summary judgment and has not otherwise

7    examined the merits of the PAGA claims alleged here.  Because continued adjudication of the

8    PAGA claims would not serve judicial efficiency or economy, the Court declines to exercise

9    supplemental jurisdiction after dismissal of each of the non-PAGA claims.").  These factors favor

10    declining supplemental jurisdiction over the PAGA claim.

11    Comity also weighs in favor of declining supplemental jurisdiction.  PAGA is founded

12    solely in state law, and the primary responsibility for developing and applying state law rests with

13    the California courts.  *See generally Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 429-31

14    (9th Cir. 2015) (discussing history and purpose of PAGA); *see also Rodriguez v. Emeritus Corp.*,

15    No. 2:18-cv-00341-KJM-CKD, 2018 WL 4214922, at *6 (E.D. Cal. Sept. 5, 2018) (declining to

16    exercise supplemental jurisdiction over PAGA claim once all other claims were dismissed).  State

17    courts have an interest in adjudicating the PAGA claim, especially where most of the alleged acts

18    took place within California, and the parties are California residents or California businesses. This

19    factor also favors declining supplemental jurisdiction.

20    In light of these factors, the Court declines supplemental jurisdiction over the

21    remaining PAGA claim under 28 U.S.C § 1367(c)(3).  The claim is DISMISSED WITHOUT

22    PREJDUICE to refiling in state court.

23    //

24    //

25    //

26    //

27    //

28    //

12

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion for summary judgment is GRANTED.  The Court DECLINES to exercise supplemental jurisdiction over the remaining PAGA claim, which is DISMISSED WITHOUT PREJUDICE to refiling in state court.

Dated:  May 19, 2023

_____
BETH LABSON FREEMAN
United States District Judge

13